JAP:TRS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

06 1138M

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

THEODORE MERCHANT,

             Defendant.

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C., Section 922(g))

- - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

    ISMAEL HERNANDEZ, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol Tobacco Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

    Upon information and belief, on or about October 26, 2006, within the Eastern District of New York, the defendant THEODORE MERCHANT did knowingly and intentionally possess in and affecting interstate commerce a firearm, to wit, a North American Arms .22 caliber pistol and ammunition, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

    The source of your deponent's information and the grounds for his belief are as follows[1]:

    1.    I am a Special Agent with ATF. My information in this case comes from reviews of records of the New York City

---

[1] Because the purpose of this affidavit is only to establish probable cause to arrest, I have not set forth a description of all of the facts and circumstances of which I am aware.

Police Department ("NYPD"), conversations with police officers and other official records of government agencies.

2.   On October 26, 2006, at approximately 1:10 a.m., NYPD officers were patrolling in an unmarked police vehicle in the 77th Precinct. The officers observed a vehicle parked next to a fire hydrant. The officers approached the vehicle and observed a male in the drivers seat, the defendant THEODORE MERCHANT in the front passenger seat and a male in the back seat of the vehicle. The police officer requested the driver's license and registration. While speaking with the driver, the officer observed a plastic bag protruding from THEODORE MERCHANT's pants, and observed the defendant drop a small clear plastic bag containing a green leafy substance onto the front passenger side floor. The officers ordered MERCHANT, the driver and passenger out of the car. An officer subsequently recovered a white plastic bag containing four clear ziplock bags of green leafy substance from inside of MERCHANT'S pants and a North American Firearms .22 caliber pistol from between MERCHANT's leg inside of MERCHANT's underwear.

4.   The officers handcuffed THEODORE MERCHANT and placed him under arrest.

5.   The officers also recovered six clear ziplock bags containing a green leafy substance from the front passenger floor of the vehicle.

6. From my training and experience, I know that the above-mentioned North American Firearms .22 caliber pistol was manufactured outside the State of New York.

7. I have reviewed the defendant THEODORE MERCHANT's criminal history record and have determined that THEODORE MERCHANT has been convicted of a crime punishable by a term of imprisonment of more than one year. Specifically, on April 12, 1999, THEODORE MERCHANT was convicted in New York State Supreme Court, King's County, of Attempted Assault in the Second Degree in violation of New York Penal Law § 120.05(1).

WHEREFORE, your deponent respectfully requests that a warrant be issued and the defendant THEODORE MERCHANT be dealt with according to law.

ISMAEL HERNANDEZ
Special Agent,
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
30th day of October, 2006

| THE H | SUMOTO |
| UNITE | JUDGE |
| EASTE | ORK |